IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Integrated Livestock and Management Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  09-CV-1350 |
| Pure Cattle, LLC and Gary Edwards, | ) ) ) | |
| Defendants. | ) ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Plaintiff's motion to remand (d/e 13) and Defendants' motion to amend their notice of removal (d/e 17).  For the reasons below, the Court recommends that the motion to remand be denied, and the motion to amend be allowed.

Plaintiff filed this case in Knox County Circuit Court on October 1, 2009, pursuing claims for breach of oral contract and quantum meruit.  The next day, Plaintiff filed a motion for attachment against an auction company (Van Adkisson Auction LLC) regarding the proceeds of an auction of

Defendants' property located in Illinois.[1] The Knox County Circuit Court entered an order of attachment that same day, directing the Sheriff of Warren County, Illinois, to serve the order on the auction company. (see d/e 1 and attachments).

Defendants received the summons and complaint on October 7, 2009 (d/e 1, ¶ 9), and filed a notice of removal based on diversity jurisdiction on October 15, 2009. The notice of removal alleges that Defendant Edwards is an Indiana citizen, and Defendant Pure Cattle, LLC, is "an Indiana limited liability company and all of its members are citizens of Indiana." (d/e 1, ¶ 5).

Plaintiff argues that Defendants' "general statement of citizenship of its members in [sic] insufficient to allege original jurisdiction to warrant removal. The Defendant LLC must identify each of its members to show that complete diversity is present." (d/e 13, ¶ 14).

---

[1] The citizenship of the auction company does not destroy diversity, because it appears that the auction company is a nominal party. Matchett v. Wold, 818 F.2d 574, 576 (7th Cir. 1987)("The addition to a lawsuit of a purely nominal party–the holder of the stakes of the dispute between the plaintiff and the original defendant–does not affect diversity jurisdiction. This principle is illustrated by Bacon v. Rives, 106 U.S. (16 Otto) 99, 1 S.Ct. 3, 27 L.Ed. 69 (1882), where the plaintiff named as additional defendants persons who were in effect garnishees, and the Court held that this didn't affect diversity jurisdiction.").

Plaintiff cites no support for its assertion that remand is required solely because Pure Cattle's statement that "all of its members are citizens of Indiana" fails to identify each member. It is true that for diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members. Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009). "[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007).

Defendants' removal notice does identify the citizenship of all its members; it says that they are all citizens of Indiana. The Court sees no requirement in Thomas that the individual names of each of those members be identified in the notice of removal. In Thomas, the LLC "failed to identify the citizenship of any of its members," incorrectly called itself a corporation, and failed to sufficiently respond to a court order directing more specificity. 487 F.3d at 534. It was that court order that directed the LLC to disclose all the members' identities.[2]  *See also* Guaranty Nat. Title

---

[2]Thomas also referenced Seventh Circuit Rule 28, which requires unincorporated partnerships/associations to "identify the citizenship of all its members." This case does

Co., Inc. v. J.E.G. Associates, 101 F.3d 57, 58 (7th Cir. 1996)(Court ordered parties to reveal name and citizenship of each partner, though Court acknowledged that the plaintiff's statement in its brief that the defendant's partners were all Massachusetts citizens would suffice, if true).

In any event, an opportunity to cure the purported defect would be warranted before remand. In Thomas, the Seventh Circuit gave the parties three tries to get the jurisdictional statement right, which they finally did. 487 F.3d at 534. It was the parties' failure to adequately respond to the Court's orders for more jurisdictional information that would have been grounds for dismissal. Id.; J.E.G. Associates, 101 F.3d at 59 (dismissal warranted where parties were given "'chance after chance'" to establish jurisdiction)(*quoting* America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992).

Defendants, then, should be given a chance to provide more detailed information on Pure Cattle's members, even assuming that information was required in the notice of removal. Defendants have already done so in their motion to amend notice of removal (d/e 17), to which Plaintiff has no objection (d/e 20). That motion establishes by affidavit that there are only

---

not involve Circuit Rule 28, but even if it did, Defendants' statement does identify the citizenship of all of Pure Cattle's members.

two members of Pure Cattle LLC, and that they are both citizens of Indiana. Accordingly, diversity jurisdiction is clearly present.

WHEREFORE, the Court RECOMMENDS that Plaintiff's Motion to Remand be denied (d/e 13), and Defendants' Motion to Amend (d/e 17) be granted. If this Recommendation is adopted, the Court will address Defendants' Motion to Vacate (d/e 9) and Plaintiff's Motion to Dismiss and Strike (d/e 22) in a separate Recommendation. Plaintiff's response to Defendants' Motion to Vacate is due 14 days after adoption of this Recommendation, if it is so adopted.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    March 15, 2010

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE